UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LONNIE DWAYNE PAYNE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:06-CV-673 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Lonnie Dwayne Payne's ("movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. The government has filed its response to the motion to vacate (Doc. 5). Movant filed a reply memorandum (Doc. 8), the government filed a surresponse (Doc. 9), and movant filed a surreply consisting of a declaration signed under penalty of perjury (Doc. 10). This matter is therefore fully briefed and ready for decision. For the following reasons, movant's motion will be denied in all respects.

**Procedural Background**.

On November 15, 2001, movant was indicted on one count of possession with the intent to distribute in excess of five kilograms cocaine, in violation of 21 U.S.C. § 846 (Count I), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count III). Movant entered a plea of not guilty to both charges at the time of arraignment. Movant was convicted on both counts by a jury on December 6, 2002. Prior to movant's sentencing, his trial attorney Burton Shostak was granted leave to withdraw, and attorney Carter Collins Law was appointed to represent movant. Sentencing proceedings were continued several times and were

finally held on September 25, 2003. Ms. Law filed objections to the presentence report on movant's behalf. The Court sentenced movant to a term of imprisonment of 324 months on Count I and 120 months on Count III, the terms to be served concurrently, and a ten-year term of supervised release.

Movant appealed to the United States Court of Appeals for the Eighth Circuit, which affirmed. United States v. Payne, 377 F.3d 811 (8th Cir. 2004). The United States Supreme Court granted movant's petition for writ of certiorari and vacated the judgment, remanding for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). Payne v. United States, 543 U.S. 1112 (2005). On remand, the Eighth Circuit affirmed movant's conviction of both offenses and remanded to this Court for further consideration of the sentence in light of Booker. On April 21, 2005, the Court resentenced movant to the mandatory minimum sentence of 240 months and ten years supervised release on Count I, and 120 months and two years supervised release on Count III, to be served concurrently.

Movant did not appeal the resentencing to the Eighth Circuit Court of Appeals. On April 21, 2006, movant timely filed the instant § 2255 motion for post-conviction relief.

**Grounds for Relief**.

Movant asserts two related grounds for relief in his § 2255 motion (Doc. 1). Movant asserts that:

> (1) his sentence was unlawfully enhanced by a prior conviction despite the government's failure to comply with 21 U.S.C. § 851(a)(1), in that "the government failed to file its Information pursuant to 21 U.S.C. § 851(a)(1) in order to enhance [movant's] sentence prior to the pronouncement of the sentence he received." Mot. to Vacate at 4; and

> (2) his "trial counsel [Ms. Law] failed to investigate prior to the imposition of the sentence whether the government filed its mandatory notice of enhanced penalty pursuant to 21 U.S.C. § 851(a)(1)." Mot. to Vacate at 5.

2

**Legal Standard**.

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, the court lacked jurisdiction to impose such a sentence, the sentence exceeded the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

"To establish ineffective assistance of counsel within the context of section 2255, . . . a movant faces a heavy burden." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998).

Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A

3

reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Because the failure to establish prejudice can be dispositive of a case," this Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076 (citations omitted). Further, statements which are self-serving and unsupported by evidence do not establish a basis for relief under section 2255. Id. at 1077.

With these standards in mind, the Court will address the claims asserted in the § 2255 motion.

**Discussion**.

### A. Ground One - Unlawful Sentence Enhancement

Title 21 U.S.C. § 851(a)(1) provides,

> No person . . . shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). "Congress enacted § 851(a)(1) and the procedure for filing an information to protect defendants from receiving increased statutory sentences . . . resulting from prior, incorrectly charged offenses . . . and to give defendants the opportunity to show that they were not the persons convicted." United States v. Wallace, 895 F.2d 487, 489 (8th Cir. 1990) (citations omitted).

In United States v. Mooring, 287 F.3d 725, 727-28 (8th Cir. 2002), the Eighth Circuit held that § 851(a)(1)'s procedural requirements are not jurisdictional, and that rules of waiver and forfeiture apply to the statute's requirements. "Thus, the only question that legitimately arises from the prosecution's [failure to comply with § 851(a)(1)] concerns the court's authority to impose an

4

enhanced sentence. This is simply not a question of subject-matter jurisdiction." Id. at 728 (cited case omitted).

Movant asserts that the government did not file an information with the district court prior to trial which stated in writing the previous record or convictions to be relied on in enhancing movant's sentence, "nor was [movant] or his counsel served a copy of such filing." Mem. Supp. Mot. to Vacate at 3. Movant asserts that the requirements of § 851 must be strictly complied with, citing Neary v. United States, 998 F.2d 563 (8th Cir. 1993), and argues that because the government failed to comply with the statute, his sentence is illegal because it was enhanced based on prior convictions.

The government responds that although the docket sheet in the underlying criminal case, United States v. Lonnie Dwayne Payne, No. 4:01-CR-476 CAS, does not reflect the existence of a Criminal Information filed pursuant to 21 U.S.C. § 851, Assistant United States Attorney Antoinette Decker submitted a Criminal Information to the Clerk of the Court on Friday, November 29, 2002, prior to the commencement of movant's trial on December 2, 2002. The government asserts that it received from the Clerk a copy of the Criminal Information stamped "received," and that it mailed and faxed copies of the received-stamped Criminal Information to movant's trial counsel, Mr. Shostak, on November 29, 2002, and provided a copy to the Court. The government further states, "All parties relied on the validity of the document and the case was tried and sentenced accordingly." Response at 2. Attached to the Government's Response is a copy of the Criminal Information in the underlying criminal case, which bears the Clerk's "received" stamp of November 29, 2002, and was subscribed and sworn to by Ms. Decker before a now-retired Deputy Clerk, Nancy Beem.

In his reply, movant asserts that (1) "prior to trial, the government failed to serve Mr. Payne or his attorney (Mr. Shostak) a copy of Criminal Information," and (2) "the government's late service

5

did not provide adequate notice." Citing United States v. Kennedy, 133 F.3d 53 (D.C. Cir. 1998), movant asserts that the government's reliance on the copy of the Criminal Information, which does not appear on the docket sheet, and the certificate of service thereon, is insufficient to establish that his attorney was served with the Criminal Information. Reply at 3. Movant notes that the government did not submit an affidavit from Nicole Kreke, the person who signed the certificate of service on the copy of the Criminal Information provided by the government, and offered no information concerning standard operating procedures within the U.S. Attorney's Office with respect to service. Thus, movant contends the record is insufficient to establish that his attorney was served with a copy of the Criminal Information.

Movant also contends that even if the Court were to find that his counsel was served with a copy of the Criminal Information, it was filed so close to the trial date that he did not receive adequate notice to prepare a challenge, and as a result his rights under the Due Process Clause were violated. Movant asserts, "Had he been apprised of the government's intent to enhance his sentence to a minimum of twenty years, this would have affected his decision to go to trial." Reply at 4.[1]

In a surresponse, the government submits the Affidavit of Burton H. Shostak, plaintiff's trial attorney, who avers in pertinent part:

> Prior to the trial, the undersigned had numerous conversations with Assistant United States Attorney Antoinette Decker regarding possible resolution of Mr. Payne's case. Mr. Payne declined every offer made by the government. AUSA Decker advised me that if Mr. Payne went to trial, the government would file an

---

[1] Movant's reply memorandum was not signed under penalty of perjury, unlike the Motion to Vacate. Therefore the Court does not consider it to be an affidavit. Cf. Roberson v. Hayti Police Dept., 241 F.3d 992, 994-95 (8th Cir. 2001) (where complaint was neither verified nor signed under penalty of perjury pursuant to 28 U.S.C. § 1746, court properly did not consider it an affidavit in opposition to motion for summary judgment).

> enhancement under Title 21, United States Code, Section 851 and 841(b) prior to trial. I related this information to Mr. Payne; he wanted to proceed to trial anyway.
>
> On Friday, November 29, 2002, the Friday before trial, the government faxed a copy of the Criminal Information to my office; it was marked "Received" by the clerk's office. When trial stated, both Mr. Payne and I were well aware that the Criminal Information would enhance the mandatory minimum sentence from ten years to twenty years if he were convicted as charged.

Shostak Aff. at 1.

Almost ten months after the government's surresponse was filed, movant filed a surreply consisting of a document titled "Affidavit," which is actually a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746.[2] In the Affidavit, movant responds to Mr. Shostak's affidavit as follows:

> I Lonnie Payne having duly sworn according to the law of the United States. Mr. Burton Shostak's affidavit is a lie, false and not worth the paper it's written on. I was never informed of such a notice and never seen the 851 notice until I filed the motion under the 28 U.S.C. § 2255. Had no knowledge of such a document until Mrs. Carter Law brought it to my attention in St. Fransis [sic] County Jail after I had been convicted by a jury. Before my trial started 12/2/02 I was not aware of such a document being filed against me that would increase my time under no circumstances. If I were aware of such a notice I would have taken the 84 months into consideration.

### 1. The § 851(a) Information was Properly Filed

Movant's first ground asserts that the government failed to file a Criminal Information under § 851, thus depriving the Court of the authority to impose an enhanced sentence. The Court finds this argument to be without merit. The government, through Assistant United States Attorney Antoinette Decker, represents that Ms. Decker filed a Criminal Information with the Clerk of the

---

[2]An affidavit, by definition, is a statement reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath. Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006) (quoted case omitted).

7

Court on November 29, 2002, and mailed and faxed a received-stamped copy of the Information to movant's trial counsel, Mr. Shostak. This representation is supported by the received-stamped copy of the Criminal Information submitted to the Court with the government's response, and by Mr. Shostak's averment that he received a copy of the received-stamped Criminal Information at his office on November 29, 2002. This case is readily distinguishable from the Kennedy decision on which movant relies. In that case, there was no dispute that the government had filed a § 851 information, but rather the focus was on whether a copy of the information had been mailed to the defendant's trial counsel. 133 F.3d at 58-59. Here, defendant's trial counsel has submitted an affidavit which states that he received the Criminal Information.

Under Clerk's Office procedures in use at the time of movant's trial in 2002, attorneys could bring in person or mail to the Clerk's Office paper documents to be filed. The Clerk would stamp any extra copies of a document as "received" and return those copies to the filing party for its use. The Clerk would stamp the original document "filed," make an entry in the docket sheet, and place the document in the Court file, thereby making it part of the official court record.

The received-stamped copy of the Criminal Information submitted by the government is sufficient to establish to the Court's satisfaction that the original Criminal Information was delivered to the Clerk's Office for filing on November 29, 2002. This conclusion is supported by Mr. Shostak's Affidavit, which avers in part that the government faxed a received-stamped copy of the Criminal Information to his office on November 29, 2002. It is also supported by the Presentence Investigation Report in the underlying criminal case, prepared by the United States Probation Office on January 6, 2003, which states in pertinent part that the minimum and maximum terms for count one, twenty years to life with no probation, were determined "pursuant to 21 USC 841(b)(1)(A) and

8

**21 USC 851(a)(1)**." Presentence Investigation Report at 10 (emphasis added) (Doc. 90 in Case No. 4:01-CR-476 CAS). Further, the transcript of the resentencing proceedings held on April 21, 2005 reflects that the Court and the parties all understood that a twenty-year minimum sentence was required. (See Resentencing Tr. at 4, Doc. 542 in Case No. 4:01-CR-476 CAS). Such a sentence would have been required in this case only because of a § 851 information. The Court concludes that a mechanical error occurred in the Clerk's Office which caused the original Criminal Information to become lost or misplaced, as the document was received by the Clerk but never filed and made a part of the official court record.

Rule 36 of the Federal Rules of Criminal Procedure states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Rule 36, Fed. R. Crim. P. The Court hereby gives notice to the parties that by separate order in the underlying criminal case, it will direct the Clerk of the Court to file, as of November 29, 2002, the government's Criminal Information under § 851 in United States v. Lonnie Dwayne Payne, No. 4:01-CR-476 CAS). By ordering the Clerk to file the Criminal Information in the underlying criminal case, the Court makes no substantive change, and does nothing more than correct a clerical error in the formal record which arose from an oversight or omission. See 3 Charles Alan Wright, et al., Federal Practice and Procedure: Criminal § 611, at 809-12 (3d ed. 2004).

Based on the foregoing, the Court finds movant's claim that the Criminal Information was not filed by the government to be without merit, and movant's sentence was therefore properly enhanced as a result of his prior convictions.

9

### 2. The § 851 Information was Timely

Movant's additional assertion that the Criminal Information was not filed and served in a timely manner is also without merit. The Criminal Information was filed on Friday, November 29, 2002, prior to movant's trial date on Monday, December 2, 2002. This is timely notice of the government's intent to seek the § 851(a) enhancement. See, e.g., United States v. Stallings, 301 F.3d 919, 920 (8th Cir. 2002) (filing of § 851 information on a Friday prior to a Tuesday trial constituted timely notice of the government's intent to seek the § 851(a) enhancement); United States v. Robinson, 110 F.3d 1320, 1328 (8th Cir. 1997) (filing of information minutes before voir dire of jury began satisfied requirements of § 851(a)(1)). This claim should therefore be denied.

**B. Ground Two - Ineffective Assistance of Counsel**.

### 1. Sentencing Counsel

Movant's second ground asserts that his counsel at sentencing was ineffective because she "failed to investigate prior to the imposition of the sentence whether the government filed its mandatory notice of enhanced penalty pursuant to 21 U.S.C. § 851(a)(1)." Mot. to Vacate at 5. As stated above, the government's Criminal Information was filed and timely notice was provided to movant's counsel on November 29, 2002, but because of a clerical error, the Criminal Information was not made a part of the Court record. Movant's sentence was therefore properly enhanced.

If movant's attorney had realized that the Criminal Information did not appear on the docket sheet at the time of resentencing and raised an objection, the Court would have ordered the record corrected at that time, as it is doing now. Movant therefore cannot show prejudice as a result of his attorney's failure to raise the issue. "Because the failure to establish prejudice can be dispositive of a case," this Court "need not address the reasonableness of the attorney's behavior if the movant

cannot prove prejudice." Apfel, 97 F.3d at 1076 (citations omitted). Therefore, this claim should be denied.

### 2. Trial Counsel

In his surreply Affidavit filed more than a year after the § 2255 motion was filed, movant informally attempts to either amend ground two or add a new ground. Movant asserts under penalty of perjury that prior to his trial, he "was not aware of such a document [the Criminal Information] being filed against me that would increase my time under no circumstances. If I were aware of such a notice I would have taken the 84 months into consideration." Movant's Aff. at 1. Movant also declares that the affidavit of his trial attorney, Mr. Shostak, is false because movant was "never informed of such a notice and never seen [sic] the 851 notice until I filed the motion under the 28 U.S.C. § 2255." Movant's assertion that he was not informed the government had filed a Criminal information which would increase his sentence implicitly alleges ineffective assistance of trial counsel, Mr. Shostak, as opposed to his sentencing counsel, Ms. Law.

This claim may be time barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), but the Court does not address the timeliness issue further because the government did not raise the issue of the statute of limitations, see Moore v. United States, 173 F.3d 1131, 1134 (8th Cir. 1999) (the one-year time limit imposed by the AEDPA is a statute of limitations and not a jurisdictional bar), and because movant's claim fails on the merits.

As set forth above, to prevail on an ineffective assistance of counsel claim, a movant must show both that his counsel's performance was deficient and that he was prejudiced by the deficient performance. Strickland, 466 U.S. at 687. Prejudice is shown if there is a "reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

The Strickland two-part test applies to ineffective assistance claims arising out of representation during the pre-trial plea process as well as to other ineffective assistance claims. See Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995). "[A] defendant, after rejecting the proposed plea bargain and receiving a fair trial, may still show prejudice if the plea bargain agreement would have resulted in a lesser sentence." Id. (citing cases). To establish prejudice, however, movant must show that, but for his counsel's actions, he would have accepted the plea. Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen, 68 F.3d at 241). To be entitled to an evidentiary hearing and avoid dismissal, "the movant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised." Engelen, 68 F.3d at 241; Sanders, 341 F.3d at 722 (quoting Engelen).

The Court finds that movant has not alleged he would have pled guilty and not gone to trial if he had known the minimum sentence he faced because of the Criminal Information. Movant alleges only that if he had been aware the government had filed a Criminal Information that increased the minimum sentence, he "would have taken the [government's plea offer of] 84 months into consideration." Movant's Aff. at 1. Movant's conclusory and self-serving declaration that he would have considered the plea offer if he had known of the Criminal Information is not a direct assertion that he would have pled guilty, and is insufficient to allege prejudice because it does not establish a reasonable probability that the result of the proceeding would have been different, i.e., that he would have pled guilty rather than going to trial. See Engelen, 68 F.3d at 241 (finding insufficient evidence

12

of prejudice, in part because "Engelen made no direct assertion that he would have pled guilty if he counsel had provided him with additional information concerning the risks of trial"); see also Apfel, 97 F.3d at 1076 (self-serving statements unsupported by evidence do not establish a basis for relief under § 2255); Moses v. United States, 175 F.3d 1025 (8th Cir. 1999) (Table) (self-serving statement that § 2255 movant would have accepted plea agreement if counsel had explained all aspects of it was conclusory and "not the sort of objective evidence required to establish a reasonable probability that he would have accepted the plea agreement absent his counsel's allegedly deficient performance.").

Because movant has failed to establish prejudice, the Court does not need to address the reasonableness of the attorney's actions. See Apfel, 97 F.3d at 1076. Movant's motion to vacate, set aside or correct sentence should therefore be dismissed without an evidentiary hearing.

**Certificate of Appealability**.

Motions to vacate, set aside, or correct sentences pursuant to 28 U.S.C. § 2255 filed after April 24, 1996 are subject to the AEDPA's requirement that a movant must obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1). The Court finds that movant has not made a substantial showing of the denial of a constitutional right, such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that the issues presented were adequate to deserve encouragement to proceed further, Miller-El v. Cockrell, 537 U.S. 322, 336 (2003), and therefore this Court will not issue a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

**Conclusion**.

For the foregoing reasons, the Court concludes that movant Lonnie Dwayne Payne's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 should be denied in all respects.

13

Accordingly,

**IT IS HEREBY ORDERED** that movant's Motion Under 28 U.S.C. § 2255 is **DENIED**.
[Doc. 1]

**IT IS FURTHER ORDERED** that no certificate of appealability will issue.

An appropriate judgment will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  15th  day of May, 2008.