# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LONNIE DWAYNE PAYNE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:06-CV-673 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Lonnie Dwayne Payne's "Motion Pursuant to Rule 60(b) of the F.R.Civ.Proc. to Reopen the Judgment of the District Court." The government responded to the motion. Movant Payne filed a reply and the matter is now fully briefed. For the following reasons, the Court will dismiss and deny the motion.

## Background

On November 15, 2001, movant was indicted on one count of possession with the intent to distribute in excess of five kilograms cocaine, in violation of 21 U.S.C. § 846 (Count I), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count III). Movant entered a plea of not guilty to both charges at the time of arraignment. Movant was convicted on both counts by a jury on December 6, 2002. Prior to movant's sentencing, his trial attorney Burton Shostak was granted leave to withdraw, and attorney Carter Collins Law was appointed to represent movant. Sentencing proceedings were continued several times and were finally held on September 25, 2003. Ms. Law filed objections to the presentence report on movant's behalf. The Court sentenced movant to a term of imprisonment of 324 months on Count I and 120 months on Count III, the terms to be served concurrently, and a ten-year term of supervised release.

Movant appealed to the United States Court of Appeals for the Eighth Circuit, which affirmed. United States v. Payne, 377 F.3d 811 (8th Cir. 2004). The United States Supreme Court granted movant's petition for writ of certiorari and vacated the judgment, remanding to the Eighth Circuit for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). Payne v. United States, 543 U.S. 1112 (2005). On remand, the Eighth Circuit affirmed movant's conviction of both offenses and remanded to this Court for further consideration of the sentence in light of Booker. On April 21, 2005, the Court resentenced movant to the mandatory minimum sentence of 240 months and ten years supervised release on Count I, and 120 months and two years supervised release on Count III, to be served concurrently.

Movant did not appeal the new sentence to the Eighth Circuit Court of Appeals. On April 21, 2006, movant timely filed a motion under 28 U.S.C. § 2255 motion for post-conviction relief. The § 2255 motion included a claim that movant's sentence was unlawfully enhanced by a prior conviction despite the government's failure to comply with 21 U.S.C. § 851(a)(1), in that "the government failed to file its Information pursuant to 21 U.S.C. § 851(a)(1) in order to enhance [movant's] sentence prior to the pronouncement of the sentence he received." Mot. to Vacate at 4. The Court rejected this argument. (See Memorandum and Order of May 15, 2008 at 7-10 (Doc. 12)). The Court found that the government timely filed the Criminal Information with the Clerk of the Court prior to trial although the Criminal Information was not docketed as a result of clerical error; that Payne's attorney received notice of the Information; and that Payne and his attorney discussed the Information prior to trial. Specifically, the Court concluded "that a mechanical error occurred in the Clerk's Office which caused the original Criminal Information to become lost or misplaced, as the document was received by the Clerk but never filed and made a part of the official

court record." (Id. at 9). The Court declined to issue a certificate of appealability to defendant Payne.

Also on May 15, 2008, the Court on its own motion filed an Order under Rule 36 of the Federal Rules of Criminal Procedure in the underlying criminal case, directing the Clerk of the Court to correct a clerical error by filing and docketing the Criminal Information at issue in the case. The Court further ordered the government's attorney to provide the Clerk's Office with a copy of the stamped, attested document, which was then filed in the underlying criminal case. (See Doc. 543, Case No. 4:01-CR-476 CAS (E.D. Mo.))

On June 20, 2008, movant filed a motion for a certificate of appealability which the Court denied on June 30, 2008. Movant filed an appeal with the Eighth Circuit on July 7, 2008, in Case No. 08-2514. The Eighth Circuit denied movant's application for a certificate of appealability and dismissed the appeal.

On January 20, 2009, Payne filed a motion in this case under Rule 36 of the Federal Rules of Criminal Procedure requesting the Court to "correct the record and avoid a manifest miscarriage of justice" in the underlying criminal case by removing from the record the criminal information which was ordered filed on May 15, 2008. The Court denied the motion by Order dated January 26, 2009 (Doc. 24).

On March 18, 2009, movant filed a second Section 2255 motion in Case No. 4:09-CV-774 CAS. In the second Section 2255 motion, movant's claim was that his sentence should not have been enhanced by a Criminal Information pursuant to Title 21, U.S.C. Section 851, because the government did not file the Information prior to the pronouncement of sentence. The Court denied the motion without prejudice because movant did not obtain permission from the Eighth Circuit Court of Appeals to bring the successive motion, and ordered the motion transferred to the Court

3

of Appeals where it was assigned Case No. 09-2662. On November 5, 2009, the Eighth Circuit denied Payne's petition for authorization to file a successive habeas application with the district court.

On March 5, 2010, movant filed the instant motion to reopen his judgment under Rule 60(b).[1] The motion was returned because it lacked a certificate of service. Movant refiled the motion under on March 18, 2010, supplying the appropriate certificate of service.

**Discussion**

Movant seeks to reopen his § 2255 motion pursuant to Rule 60(b), Fed. R. Civ. P., arguing that as a result of inadvertence, the Court "violated Petitioner's constitutional right to due process by allowing the Government to enhance Petitioner's sentence . . . under Title 21, United States Code, Section 851, without filing the Criminal Information with the Clerk of the District Court in a timely manner." § 2255 Mot. at 3. Movant argues that the Court erred in concluding that (1) the government timely filed the Section 851 Criminal Information with the Clerk of the Court prior to trial, (2) movant's attorney received notice of the Information, and (3) movant's attorney discussed the Information with movant prior to trial. Movant also asserts that the Court erred by utilizing Rule 36 to have the Section 851 Criminal Information made part of the record in the underlying criminal case.

The government responds, among other things, that the Rule 60(b) motion to reopen is actually a second or successive § 2255 motion under Gonzalez v. Crosby, 545 U.S. 524 (2005), and

---

[1]There is some confusion in the record because movant's Rule 60(b) motion received on March 5, 2010 was originally incorrectly docketed by the Clerk's Office as having been filed under Rule 16(b). The docket sheet has been corrected to remove any references to Rule 16(b), but the government's response incorrectly asserts that the motion filed on March 5, 2010 was filed under Rule 16(b).

4

should be dismissed because movant did not first obtain authorization from the Eighth Circuit Court of Appeals to file such a motion, as required by 28 U.S.C. § 2255(h) and Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam), cert. denied, 538 U.S. 953 (2003). The government also asserts that the motion is untimely.

A prisoner in custody pursuant to a federal sentence may move the sentencing court to vacate, set aside or correct a sentence pursuant to § 2255 on the grounds that he was convicted or sentenced in violation of federal law. See 28 U.S.C. § 2255. Any challenge to the legality of a conviction or sentence imposed on a federal prisoner must be brought in a motion under § 2255. Id. A federal prisoner may file a second or successive motion under § 2255 only after obtaining authorization to do so from the appropriate United States Court of Appeals. Id.; see also 28 U.S.C. § 2244(b)(3).

"It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir.) (per curiam), cert. denied, 545 U.S. 1135 (2005) (citing United States v. Patton, 309 F.3d 1093 (8th Cir.2002) (per curiam), and Boyd, 304 F.3d at 814). The Eighth Circuit Court of Appeals has instructed district courts to conduct "a brief initial inquiry" to determine whether a Rule 60(b) motion is actually a second or successive habeas petition. Boyd, 304 F.3d at 814. "If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." Id.

Rule 60(b) provides that a court may grant relief from a judgment for the following specified grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence

which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60. Because he claims inadvertence, movant relies on Rule 60(b)(1). The gravamen of Payne's motion is that his sentence violates federal law, specifically his due process rights, because it is based on a defective, never-filed Section 851 Criminal Information.

The Supreme Court specifically limited its holding in Gonzalez to the application of Rule 60(b) in habeas proceedings filed by state prisoners under 28 U.S.C. § 2254, id. at 529 n.3, even though the provisions of §§ 2254 and 2255 concerning second or successive motions are "similar." Id. This Court finds that the principles articulated in Gonzalez are applicable in this case, based on the similarities between the applicable rules and statutes. Compare 28 U.S.C. § 2254; Fed. R. Civ. P. 81(a)(2); and 28 U.S.C. §§ 2244(b)(1)-(3) with Rule 12, Rules Governing Section 2255 Proceedings for the U.S. District Courts; Fed. R. Civ. P. 81(a)(2); and 28 U.S.C. § 2255, para. 8. See also United States v. Scott, 414 F.3d 815, 816 (7th Cir. 2005) (applying Gonzalez analysis to a second or successive motion under § 2255); United States v. Nelson, 465 F.3d 1145, 1147-49 (10th Cir. 2006) (same).

The Supreme Court has instructed that Rule 60(b) motions should be treated as second or successive habeas petitions where they assert or reassert a federal basis for relief from the underlying conviction, including where a motion seeks to present a claim of constitutional error omitted from the movant's initial habeas petition, or seeks vindication of a habeas claim by

6

challenging the habeas court's previous ruling on the merits of that claim. See Gonzalez, 545 U.S. at 531-32.

The basis for Payne's Rule 60(b) motion to reopen his § 2255 proceeding concerns the validity and existence of the Section 851 Criminal Information as described above. This claim is directly related to movant's previously raised and denied claim, and attacks the Court's previous resolution of movant's claim on the merits. Based on the Supreme Court's teaching in Gonzalez, the Court concludes that Payne's motion under Rule 60(b) is actually a second and successive habeas petition under § 2255, and should be recharacterized as such and dismissed for failure to obtain authorization from the Eighth Circuit Court of Appeals.

In addition, the Rule 60(b) motion is untimely. When a Rule 60(b) motion is based on subdivision (1) of the Rule, the motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "A court has no power to grant motions that are filed too late." 12 James Wm. Moore, et al., Moore's Federal Practice, § 60.65[2][a] (3d ed. 2009) (citing, among other cases, In re Branson Mall, Inc., 970 F.2d 456, 462 (8th Cir. 1992)). It is well established that a pending appeal does not toll the running of the one-year period for filing a Rule 60(b)(1) motion. See Federal Land Bank of St. Louis v. Cupples Bros., 889 F.2d 764, 766 (8th Cir. 1989). In this matter, the judgment movant challenges was entered on May 15, 2008. The instant motion was filed on March 18, 2010. As a result, the motion is untimely and should be denied on that basis.

**Conclusion**

For the foregoing reasons, Rule 60(b) does not provide Payne with a means to challenge his sentence, because the relief he seeks is properly brought as a second or successive § 2255 motion. Payne did not obtain advance authorization from the Eighth Circuit Court of Appeals to file the

7

instant motion, as required by law.  See Lambros, 404 F.3d at 1037.  As a result, the Court will dismiss the motion under Rule 60(b) for Payne's failure to obtain authorization from the Court of Appeals.  See Boyd, 304 F.3d at 814.  In addition, the Court will deny the motion as untimely under Federal Rule of Civil Procedure 60(c)(1).

Accordingly,

**IT IS HEREBY ORDERED** that Lonnie Dwayne Payne's "Motion Pursuant to Rule 60(b) of the F.R.Civ.Proc. to Reopen the Judgment of the District Court" is **reclassified** as a successive § 2255 Motion to Vacate, Set Aside, or Correct Sentence.  [Doc. 28]

**IT IS FURTHER ORDERED** that this Motion is **DISMISSED** for failure to obtain authorization from the Eighth Circuit Court of Appeals.  [Doc. 28]

**IT IS FURTHER ORDERED** that this Motion is **DENIED** as untimely.


                                                   **CHARLES A. SHAW**
                                                   **UNITED STATES DISTRICT JUDGE**

Dated this __6th__ day of May, 2010.