UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LONNIE DWAYNE PAYNE, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | No. 4:06-CV-673 CAS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This closed matter under 28 U.S.C. § 2255 is before the Court on a letter from federal prisoner Lonnie Dwayne Payne, asking the Court to reopen the case to consider the effect of the United States Supreme Court's opinion in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). Movant asserts that because of the holding in Carachuri-Rosendo, the prior drug conviction used to enhance his sentence pursuant to 21 U.S.C. § 851 was not a qualifying conviction for that purposes. The government opposes the motion. Movant has filed a reply and the matter is fully briefed. For the following reasons, the motion will be construed as a second or successive motion under 28 U.S.C. § 2255, and will be denied without prejudice.

**Background**

On December 6, 2002, movant was convicted by a jury of possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and interstate transportation of a firearm by a felon, in violation of 18 U.S.C. § 922(g). Movant was sentenced on September 25, 2003. The United States Court of Appeals for the Eighth Circuit affirmed the conviction and sentence. United States v. Payne, 377 F.3d 811 (8th Cir. 2004).

Movant filed the instant action seeking relief under 28 U.S.C. § 2255 on April 21, 2006, arguing that his sentence should not have been enhanced by a Criminal Information pursuant to 21 U.S.C. § 851 because the government did not file the Information prior to the pronouncement of sentence. This Court denied relief on the merits on May 15, 2008. (Doc. 12). The Eighth Circuit denied movant's application for a certificate of appealability and dismissed the appeal. Payne v. United States, No. 08-2514 (8th Cir. Aug. 20, 2008).

Movant filed a second motion under 28 U.S.C. § 2255 on March 18, 2009, in Case No. 4:09-CV-774 CAS. In the second § 2255 motion, movant asserted seven grounds for relief. The Court denied the motion without prejudice because movant had failed to first obtain authorization to file a second or successive motion for post-conviction relief from a panel of the Eighth Circuit Court of Appeals, and transferred the motion to the Eighth Circuit pursuant to 28 U.S.C. § 1631. The Eighth Circuit denied movant's petition to file a second or successive motion for post-conviction relief on November 5, 2009.

Movant filed a motion to reopen the instant § 2255 matter under Rule 60(b), Federal Rules of Civil Procedure, on March 18, 2010, which again raised the issue that his sentence should not have been enhanced by a Criminal Information under 21 U.S.C. § 851 because the government did not file the requisite Information prior to trial. The Court denied the motion on May 6, 2010, finding that movant's claim directly related to movant's previously raised and denied claim, and attached the Court's previous resolution of movant's claim on the merits. The Court concluded that movant's Rule 60(b) motion was actually a second and successive habeas motion under § 2255, recharacterized it as such, and dismissed it for failure to obtain authorization from the Eighth Circuit Court of Appeals. Movant did not appeal the dismissal.

Movant filed a letter with the Court on July 28, 2011, which the Court directed to be docketed as a motion to reopen the initial 2255 motion for post-conviction relief. In the letter, movant asserts that the United States Supreme Court issued its opinion in <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577 (2010), on June 14, 2010, and this opinion has a direct bearing on his conviction. Movant asserts that because of the holding in <u>Carachuri-Rosendo</u>, the Court must "decide whether I have been convicted of an aggravated felony to use as enhancement. I'm requesting that my case be reopen[ed] and looked into out of consideration in light of the new ruling in this case." Mot. to Reopen at 1 (Doc. 34).

**Discussion**

In its response, the government states that in movant's previous post-conviction proceedings, movant claimed he should not have received an enhanced sentence under 21 U.S.C. § 851(a) because the government failed to file the Criminal Information prior to imposition of sentence. In the motion to reopen, movant argues that because of the holding in <u>Carachuri-Rosendo</u>, the prior criminal drug conviction used to enhance his sentence pursuant to Section 851 was not a qualifying conviction for those purposes. The government states that movant is clearly not challenging this Court's previous rulings in his Section 2255 proceedings by the instant motion, but rather is challenging his underlying conviction. Because movant is challenging his underlying conviction, the government asserts his claim is more appropriately brought by way of a successive § 2255 motion as opposed to a motion to reopen the instant habeas proceedings, citing <u>Boyd v. United States</u>, 304 F.3d 813 (8th Cir. 2002). Therefore, the government contends that movant's motion to reopen this case should be denied.

3

The government also asserts that if the Court construes movant's letter as a second or successive motion under § 2255 for habeas relief, it should deny the motion because movant has failed to seek the necessary authorization from the Eighth Circuit Court of Appeals to file a second or successive motion, citing Boyd, 304 F.3d at 814. Finally, the government argues that even if movant were permitted to bring a successive § 2255 motion, the motion would be untimely under the applicable time limits of 28 U.S.C. § 2255(f), because it was filed more than one year after the Supreme Court issued its decision in Carachuri-Rosendo.

The Court agrees with the government that movant is asserting a new ground for relief under 28 U.S.C. § 2255. As a result, movant's letter to the Court filed July 18, 2011 is properly characterized as a second or successive motion under 28 U.S.C. § 2255, and not a motion to reopen this matter. A federal prisoner may file a second or successive motion under § 2255 only after obtaining authorization to do so from a panel of the appropriate United States Court of Appeals. Boyd, 304 F.3d at 814; see also Rule 9, Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3).

Movant has not obtained authorization from a panel of the Eighth Circuit Court of Appeals to file a second or successive § 2255 motion, as required by law. As a result, the Court will dismiss the instant motion without prejudice. See Boyd, 304 F.3d at 814.

Accordingly,

**IT IS HEREBY ORDERED** that movant's letter to the Court, construed as a second or successive motion under 28 U.S.C. § 2255, is **DENIED** without prejudice for failure to obtain authorization from the Eighth Circuit Court of Appeals. [Doc. 34]

 

 

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of October, 2011.